JOHN MOORE *against* JOHN M‘BRIDE, Administrator of ROBERT M‘BRIDE, deceased.

IN ERROR.

In an action commenced by *capias*, a short minute of a recognizance of special bail, taken by the clerk of a prothonotary, in this form, " *R. M. held in* $200 *cogn. coram E. L. for J. H. Proth'y*," *held* to be sufficient.

WRIT of error to the court of common pleas of Cumberland county.

This was a *scire facias* upon a recognizance of special bail, to which the defendant pleaded "*nul tiel record*," and the court

(John Moore *v.* John M'Bride, administrator of Robert M'Bride, deceased.)

below gave judgment for the defendant, in which the plaintiff now alleged error.

The following is the entry of the recognizance on which this *scire facias* was issued.

John Moore 〉　　　No. 28, August term, 1824.
　*v.*　　〉　*Capias* debt on note under seal not exceed-
James A. Mitchell. 〉 ing $200.　Bail in $200

*Robert M'Bride held in* $200 *cogn. coram Edward Leonard, for John P. Helfenstien, Proth'y.* 5 *May,* 1824.　C. C. and special bail entered. (Sh'ff $2 12.)

In this suit the plaintiff obtained judgment upon report of arbitrators for one hundred and sixty-seven dollars and sixty-five cents; to recover which, (after the proper executions,) this *scire facias* was issued.

*Penrose* for the plaintiff in error.

A short minute of a recognizance is sufficicient, provided it indicate the nature of the recognizance, so that the officer may make it out at large when it is required. *Commonwealth* v. *Emery,* 2 *Bin.* 431.　A short note, such as " *A. B. in* £40 *to appear, &c,*" was held to be sufficient. 4 *Burns' Justice,* 84, 18*th edition.*　In this case there could be no other recognizance but that of special bail. This is abundantly indicated by the docket entries: and if necessary, the court would consider the words, " C. C. and special bail," alleged to be the return of the sheriff, as part of the recognizance in order to sustain the proceeding.　He also cited *Welsh et al* v. *Vanbebber et al,* 4 *Yeates* 559, and 1 *Barnes,* 4.

*Alexander,* for the defendant in error.

It is admitted that a short minute of a recognizance is sufficient, provided it shew the amount, and the *condition* upon which the recognizor is bound.

But this recognizance is without the most important feature of a recognizance, a condition: nor is it at all indicated by any part of the minute.　It does not appear whether the undertaking was absolute or conditional; and it follows that there is nothing from which the officer can make it into form.

The *scire facias* set forth a recognizance of special bail, this minute does not show such a recognizance, for it does not indicate in any way the condition of such recognizance.

*The Commonwealth* v. *Emery* cited on the other side is an authority for us.　It is there decided, that the short minute of the recognizance should substantially shew the *condition* of the recognizance.

The words, " C. C. and special bail," are manifestly the return of the sheriff and form no part of the recognizance.

The opinion of the court was delivered by

Huston. J.—We readily forget what we once learned, and nothing is sooner forgotten than forms of proceedings in foreign

(John Moore *v.* John M'Bride administrator of Robert M'Bride, deceased.),

courts, which we have scarcely learned, because we supposed them not to be important here. Every lawyer has looked into *Compton* or *Sellon*, or some of those books of practice which so properly gave the precise forms of entry in the several stages of the cause. *Tidd's Practice*, in two volumes, in which we have no forms, has, in a great degree superceded the former authors. In many respects the short minutes, in this state, are not made precisely in the words used in England, or in other states. I do not admit, however, that in this respect the difference is against us. In the science of pleading, we are, perhaps, generally much inferior; and our short notes of pleas, replication and issues, have brought obliquy on our practice; and that far beyond what the truth required. The worst of it is, that this reproach in some mouths takes a wider range, and extends to every thing good or bad, and this pretty much in proportion as the censurer is unqualified to judge. I speak generally, with no reference to this cause, for there has been less occasion for the observation here, than we meet every day.

For the benefit of those who have forgotten the forms in other countries, I will transcribe from *Sellon* the form of entering special bail in the King's Bench and Common Pleas, in England. 1 *Sellon's Practice*, 139.

In the *King's Bench* it is taken before the judge's clerk, although when filed it is a record. After the words of the recognizance are repeated to the bail, and he agrees to become bound, the bail piece is made out in this form:

*Easter Term*, in the 32d year of the reign of George III. *Stormont* and *Way*.

Middlesex, to wit, A. B. is delivered to bail on a *cepi corpus*, to

C. D. of C. London, mercer, and E. F. of N. London, hatter.

J. S. attorney.
Sworn to 100*l.*

At the suit of J. K.

4th May, 1792.

In the *Common Pleas* the filazer attends with his book, and names of parties, &c. and a short entry is made to be drawn into form. If the filazer cannot attend, a bail piece is made in this form:

### In the Common Pleas.

*Easter Term*, 32d of George III.

Middlesex, to wit, *Capias* against A..B. late of W. yeoman, at the suit of C. D. for 200*l*, upon promises returnable, &c.

Affidavit for 100*l.*

Taken and acknowledged.
Bail are E. F. of C. London, hatter, and G. H. of London, mercer.
Defendant bound in 200*l.* Each of bail in 50*l.*

If the bail be not excepted to, this bail piece is carried to the proper office, in the respective courts, no other entry as bail, or of the terms of the recognizance, is ever made. It is drawn into form.

(John Moore *v*, John M'Bride, administrator of Robert M'Bride, deceased.)

if the record be wanted, or declared on, as if entered at full length, if necessary to sue it:

In every country and age where law is practised, abbreviations, short notes, and technical words are used in cases of daily or hourly occurrence, to save labour. When properly understood, they answer every purpose of setting every thing out at large. These short notes or abbreviations vary in different states; nay here in different courts; but if admitted at all, one is as good as another, provided it indicates with certainty what was done. Here there was but one kind of bail known to the law, in that stage of the cause, and but one form of recognizance which could be taken. It cannot be pretended that any difference of opinion can exist as to what the bail engaged. The special bail is named, and the sum in which he is bound; and this is subjoined to the statement of the suit, on the docket, the date is added, and the name of the prothonotary's clerk; it is impossible that there can be any mistake as to any one matter essential in the case.

The form used in this case is at least as certain as that used in *England;* this is said for those who think nothing right but what is English: it has every requisite. Once admit that a short note of the entry of the bail is good, and that used here is as good as any other; and any other, indicating all that this does, is as good as this.

Something was said about its being taken by the prothonotary's clerk, and not by the prothonotary himself. This court has given an opinion on that more than once, lately. I would just observe that in *England*, the recognizance, when filed, is a lien on land, as much as a judgment, and always must be taken before a judge; in point of *fact* it is always taken by the *judge's clerk.*

Judgment reversed, and judgment entered for the plaintiff in error.